Judge Mills
delivered the Opinion of the Court.
Jabíes Roberts ar.d John B. Wi liter-son became sureties for Walker B.- Wilkerson, to Wilkerson’s executors, in a note Securing the payment of $2¡,400, and Walker B. Wilkerson executed to his sureties, a mortgage on three slaves, ami .some medical books as an indemnity. Walker B. Wilkerson afterwards sold one of these slaves to David A. Sayre, and received the price and made him a bill of sale, and some time afterwards descended the Mississippi, and took with him another of the mortgaged slaves. John B. Wilkerson paid up to Wilkerspn’s executors $1,440 of the debt, for which he was bound as surety, and was sued for the. residue, anda judgment obtained against him alone, which he replevied, leaving cut his co-surety Roberts and Walker B. Wilkerson the principal. Roberts and John B. Wilkerson, the two sureties, filed this bill against Walker B. Wilkerson and Sayre, the purchaser, to. foreclose their mortgage, of in-denanity, and requiring the slave purchased by Sayre to be given up and sold.
Sayre, in his answer, denies actual notice of the mortgage, when he purchased, and insists that Joint B. Wilkerson, one of the complainants, induced him to purchase the slave without giving notice of the mortgage, and afterwards agreed with him that if he would send down the Mississippi and regain the slave which Walker B. Wilkerson had carried away with him, add cause that slave to be sold and the money brought back, or should cause the said slave tobe brought up the river and restored to him, said John B. Wilkerson, he, the said John B. Wilkersoif would refund the money to Sayre, which lie liad given to Walker B. Wilkerson for the slave he had bought, or would permit him, Sayre, to keep the purchased slave. That in consequence of that agreement, he had sent down the Mississippi at con- *189 sicterabie cost and expense, and had regained the slave that Walker B. Wilkerson had taken away, and had restored him to said John B. Wilkerson the complainant, and insists that as said John B. Wilkerson had paid and was bound separately to pay all the debts for which the mortgage v/as given, Roberts can have no interest. ”•
Proofs.,
Decree of the circuit court.
Consideration.
Where one of two joint sureties holding a mortgage on properly, for their indemnification, pays a part of the debt, and releases a part of the mortgaged property, the other surety may oppose the value of the property released to that amount of the claim 'against him for contribution.
*189 it is proved by a letter written by Sayre to Lawrence Leavy, the agent employed by him to recover the slave taken away by Walker B. Wilkerson, that John B. Wilkerson, who signed and united in the letter, did make the contract with Sayre, set up in his answer, and it is also proved that the slave was Recovered and given up to John B. Wilkerson, and that Sayre paid $105, as a reward to Leavy, who was employed by him for that purpose.
The court below dismissed the bill, as to Sayre, and from that decree the complainants below have appealed.
It is urged against this decree, that the agreement of John B. Wilkerson with Sayre, relative to the recapture of the slave taken off by the mortgagor, is voluntary and without consideration, and not obligatory on J. B. Wilkerson.
We cannot concede this agreement to be without •consideration. It is true, as the mortgage is recorded in due time, John B. Wilkerson and his co-mortgagee had the advantage over Sayre, and it was not necessary to compound with hiin to subject the slave, which he, Sayre, had purchased. But as he did so, and induced Sayre to expend his money and trouble to regain the slave taken away, and Sayre actually did so, it forms a valid consideration for the agreement, and renders it completely obligatory on John B. Wilkerson, and he was bound in turn to restore to Sayre the money which Sayre had paid for the slave purchased by him, before he could get the slave, and not having done so, the court below did not err in pérmitting Sayre to retain the slave.
But it is also insisted that the court below erred in dismissing the bill to the prejudice of Roberts, *190 the co-mortgagce, as be was neither party or privy to this agreement, or assenting thereto.
The co-surety in such case making the payment of part of the debt acquires in equity an exclusive right to that amount of ■ the property mortgaged for their security—
—It seems the replevy-ing an execu-1 ion on a judgment against one co-obligor, does not discharge ihe others, as to tvhonx the suit was abated, and no j ud grnent rendered. See Crutcher vs Wolf, 1 Monroe, 90. Justices of Mason vs. Lee. lb, 288-9.
*190 It is dear that Roberts appears to be in no probable danger of paying the debt to Wilkerson’s executors, although he has no release from them, because all that is now paid is done by John B. Wilkerson, and he separately has replevied the balance, and as the mortgage is given to indemnify them, if one alone is the sufferer, the mortgage will inure to bis benefit, and although Roberts might be compelled to contribute rateably in the case of the insolvency. of Walker B. Wiikerson, yet as they are both parties to this suit, and will be bound by the decre and John B. Wiikerson has disposed of so much of the property conveyed for their indemnification, and that in favor of an innocent purchaser from the mortgagor, Roberts could successfully resist contribution to the value of the slave held, by Sayre, and there is no necessity of retaining this bill, or attempting to subject this slave for the purpose of keeping him from contribution, as the acts of his co-mortgagee, will be a good defence in his favor, to that extent, when called on to contribute.
But the judgment in favor of Wilkerson’s executors against John B. Wiikerson , is against him alone. The process on the note was issued against Walker B. Wiikerson and his two sureties, and returned, as to Roberts and W; B. Wiikerson, no inhabitants, and a separate judgment was rendered against John B. Wiikerson, one of the sureties, which, on the emanation of the execution he has replevied, and the plaintiff in that judgment may cease further proceedings thereon at pleasure, and commence a new suit against Roberts, and recover of him, without pursuing his replevin bond against John B. Wiikerson, and thus Roberts may become liable to the balance of this debt; hence it may be insisted, as his liability continues and the debt is still in part due, he ought to sustain his bill, and have the mortgaged effects subjected to the debt for his discharge. This argument appears at first blush, not easily avoided, and if all the debt was still due, it might bo conclusive against the dismission of this bill, as *191 to Roberts, who did not agree to waive bis lien on the property in favor of Sayre. It has, however, one valid answer thereto. *$1440 of the debt was paid by John B. Wilkerson, the moiety of which is more than amply sufficient, from the proof in the cause, to cover the value of the slave in contest. This payment gave to John B. Wilkerson a right over the mortgage to that extent for his benefit, to appropriate it, in any manner he chose, and if, while he held an exclusive equity therein, to the amount of $1440, he chose to dispose of the lien to an amonnt not exceeding that sum, equity will not prohibit him from doing so; but will only cause him to lose in return, his right of contribution to that extent, against his co-surety. There is no disposition of tire estate which he could make, that would be more favored in equity, than that which he has made to an innocent purchaser, without actual notice of the mortgage, as Sayre appears to be, and such disposition will stand. Roberts is, therefore, already sufficiently indemnified for the loss of this portion of the mortgaged estate, by getting clear of one half of the 1440 dollars, or so much as the value of this slave amounts to, which he now cannot be compelled to contribute. If, therefore, he is made to pay the residue of the debt, his right of contribution against his co-surety, John B. Wilkerson and the residue of the estate mortgaged, will be adequate to his indemnity. The slave in the hands of Sayre, could not go further than his value, and to that value and perhaps more, Roberts has already in his power a discharge therefor.
Combs and Crittenden, for appellants; Chinn, for appellee.
The court below did not, therefore, err in dismissing the bill, and thfe decree must be affirmed with cost.